Regardless of whether the introduction of the uncharged crime evidence was error, it was harmless in the face of the overwhelming proof of defendant’s guilt. The victim clearly identified defendant as the robber both at a lineup and in court. She had an excellent opportunity to view defendant during the encounter because she was face to face with him in a well-lit store. Furthermore, the victim’s identification was corroborated *407 by the evidence uncovered at the time of defendant’s arrest, as well as the surveillance video of the robbery, which the jury viewed. Thus, there is no significant probability that the verdict would have been different if the trial court had excluded the uncharged crime evidence (see People v Arafet, 13 NY3d 460, 468 [2009]).
Defendant did not preserve his challenges to the court’s limiting instructions concerning the uncharged robbery, and we decline to review them in the interest of justice. As an alternative holding, we find that these instructions adequately conveyed the appropriate standards. Concur — Tom, J.P., Sweeny, Acosta, DeGrasse and Richter, JJ.